**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL KACZMAREK et al.,**

              Plaintiffs,           No. 1:10-cv-1193
                                                  (GLS/CFH)
      v.

**CITY OF SCHENECTADY et al.,**

              Defendants.
_____
**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Paul Kaczmarek
Pro Se
4 Huron Court
Apartment 122
Schenectady, NY 12305

Timothy J. Mahoney
Pro Se
507 South Toll Street
Schenectady, NY 12302

Dawn DeLucca
Pro Se
1111 3rd Avenue
Schenectady, NY 12303

**FOR THE DEFENDANT:**
*City of Schenectady*, *City of Schenectady Police Department*, *John Doe, and Eric Peters*
Bailey, Kelleher Law Firm
Pine West Plaza 5
Suite 507
Washington Avenue Extension
Albany, NY 12205

NANNETTE R. KELLEHER, ESQ.
WILLIAM C. FIRTH, ESQ.

*Town of Niskayuna and John Doe*
Shantz, Belkin Law Firm
26 Century Hill Drive
Suite 202
Latham, NY 12110

DEREK L. HAYDEN, ESQ

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs *pro se* Paul Kaczmarek, Timothy J. Mahoney, and Gerald DeLucca commenced this action pursuant to 42 U.S.C. § 1983, alleging defendants[1] violated their Fourth Amendment rights and New York

---

[1] Defendants include the City of Schenectady, the City of Schenectady Police Department, John Doe, individually and in his capacity as an employee of the City of Schenectady, New York, Police Department, and Eric Peters, individually and in his capacity as an employee of the City of Schenectady New York, Police Department (collectively "Schenectady Defendants"); The Town of Niskayuna, and

2

common law.² (Compl. ¶ 14, Dkt. No. 1 at 7-24.) Pending are both Schenectady Defendants' and Niskayuna Defendants' unopposed motions for summary judgment. (Dkt. Nos. 33, 35.) For the reasons that follow, defendants' motions are granted.

## II. Background

### A. Procedural History

On September 7, 2010, plaintiffs filed a complaint in New York State Supreme Court, County of Schenectady. (Compl.) On October 5, 2010, the Schenectady Defendants removed the case to this court. (Dkt. No. 1.) Since the filing of this action, neither John Doe defendant has been identified or formally served. Additionally, although Peters was named as a defendant in the summons, he was neither listed in the caption of the complaint nor mentioned within it. (*Compare* Dkt. No. 35, Attach. 8, *with* Compl.) Further, during the pendency of this action, DeLucca died, (Dkt. No. 12; Dkt. No. 26 at 9), and his daughter, Dawn DeLucca, advised the

---

John Doe, individually and in his capacity as an employee of the Town of Niskayuna, New York, Police Department (collectively "Niskayuna Defendants").

² Plaintiffs New York common law claims include negligence, intentional and negligent infliction of emotional distress, and false imprisonment. (*See, e.g.*, Compl. ¶ 17-19, 21-23, 24-27, 28-32.)

3

court that she is the executor of DeLucca's estate, (Dkt. No. 26). A motion to substitute was never filed.

On January 15, 2013, Schenectady Defendants and Niskayuna Defendants moved for summary judgment. (Dkt. Nos. 33, 35.) On the same date, Niskayuna Defendants provided plaintiffs with notice that explained the consequences of failing to respond to the pending motions. (Dkt. No. 33, Attach. 1.) On January 16, 2013, the court also provided the plaintiffs with notice that failure to respond may result in dismissal of some or all of their claims. (Dkt. Nos. 38, 39.) On February 7, 2013, by order, the court again warned plaintiffs of the possible consequences of failing to respond, and granted plaintiffs a fourteen-day extension of time to respond. (Dkt. No. 44 at 3-4.) Finally, on April 18, 2013, the court issued a second order warning plaintiffs of the possible consequences of failing to respond, and granted them a second fourteen-day extension of time to respond. (Dkt. No. 51 at 3-4.)[3] Nevertheless, plaintiffs failed to respond.

---

[3] The court notes that, on January 30, 2013, Kaczmarek filed a letter with the court indicating that he does not have the legal ability to respond to the motions and is unsure of what to do. (Dkt. No. 41.) In two separate orders, the court informed him that it is unable to provide legal advice to plaintiffs, and instead, as discussed above, afforded plaintiffs additional time to respond. (Dkt. Nos. 44, 51.)

**B.  Facts**

On July 14, 2009,[4] Toni DeLucca, ex-wife of DeLucca, called 9-1-1 and reported to the Town of Niskayuna Police Department (NPD) that DeLucca or Kaczmarek had stolen her car keys.  (Schenectady Defs.' Statement of Material Facts (SMF) ¶¶ 25, 27, Dkt. No. 35, Attach. 1.) Before the NPD arrived, DeLucca, Mahoney, and Kaczmarek left in Kaczmarek's pick up truck.  (*Id.* ¶ 26; Niskayuna Defs.' SFM ¶ 2, Dkt. No. 33, Attach. 4.)

When Officer Douglas Anderson and Sergeant Joseph Twitty of the NPD arrived on the scene, Toni DeLucca told them that the three plaintiffs stole her car keys, provided a description of Kaczmarek's truck and the identity of plaintiffs, and stated that Kaczmarek's vehicle was traveling on

---

[4] Plaintiffs and defendants disagree over the exact date of the incident at issue. (*Compare* Schenectady Defs.' SMF ¶ 35 *with* Compl. ¶ 5.)  Plaintiffs claim the incident occurred on July 22, 2009, (Compl. ¶ 5), while defendants claim the incident occurred on July 15, 2009, *(*Schenectady Defs.' SMF ¶ 35).  While the precise date is of no moment, for the purposes of the disposition of the pending motions, the court will assume that the incident at issue occurred on July 15, 2009.

5

Providence Avenue towards the City of Schenectady. (Schenectady Defs.' SMF ¶¶ 27, 28; Niskayuna Defs.' SMF ¶ 3.) Thereafter, the NPD issued a "be on the lookout" (BOLO) alert for Kaczmarek's vehicle to the City of Schenectady Police Department (SPD). (Schenectady Defs.' SMF ¶ 31.)

On July 15, 2009, Detective Joseph McCabe of the SPD located Kaczmarek's vehicle in a parking lot located near 277 State Street in the City of Schenectady. (*Id.* ¶ 41; Niskayuna Defs.' SMF ¶ 6; Dkt. No. 35, Attach. 19 ¶ 6.) Detective McCabe confirmed that the vehicle was the same vehicle for which the BOLO alert was issued. (Schenectady Defs.' SMF ¶¶ 41, 42.) At that time, Detective McCabe notified the NPD that Kaczmarek's vehicle was located and that the occupants would be detained until the NPD arrived on the scene. (*Id.* ¶ 43; Niskayuna Defs.' SMF ¶ 6.)

Detective McCabe questioned Kaczmarek and placed him in handcuffs. (Schenectady Defs.' SMF ¶¶ 44-47.) Detective McCabe then detained Kaczmarek in the back of a police car for approximately fifteen minutes so that he could safely detain DeLucca and Mahoney. (*Id.* ¶ 47.) Subsequently, DeLucca and Mahoney emerged from a nearby barbershop, and Detective McCabe detained them. (*Id.* ¶¶ 45, 48.) Neither DeLucca

nor Mahoney were placed in handcuffs. (*Id.* ¶ 49.) Approximately fifteen minutes after Detective McCabe arrived on the scene, the NPD advised him that they could not reach Toni DeLucca to ascertain whether her car keys had been returned and authorized Detective McCabe to release the three plaintiffs. (*Id.* ¶ 50; Niskayuna Defs.' SMF ¶ 7.) All three plaintiffs were immediately released. (Schenectady Defs.' SMF ¶ 51.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

Defendants assert multiple grounds in support of their motions for summary judgment, including failure to name and identify the John Doe defendants, failure to provide adequate notice to Peters, who was named in the summons, but not the complaint, failure to substitute DeLucca, and failure to prove the requisite elements of plaintiffs' causes of action. (Dkt. No. 33, Attach. 5 at 1-6; Dkt. No. 36 at 2-13.) On the basis of the record

7

before it, the court concludes that summary judgment is warranted.

**A.  John Doe Defendants**[5]

Plaintiffs named two John Doe defendants.  (Compl.)  However, plaintiffs have neither identified nor formally served either John Doe.  Under the Federal Rules, the plaintiff is responsible for effectuating service for each defendant within 120 days of filing the complaint.  Fed. R. Civ. P. 4(m).  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, dismissing the case without prejudice as to that defendant.  *Id.*  Because plaintiffs have failed to timely identify and serve the John Doe defendants, plaintiffs' claims against both John Doe defendants are dismissed.

**B.  Eric Peters**

Eric Peters was named as a defendant in the summons, but was

---

[5] Schenectady Defendants state that Officer McCabe was the officer who stopped and detained plaintiffs. (Schenectady Defs.' SMF ¶ 34, 41-52; Dkt. No. 35, Attach. 19.)  Plaintiffs never named Detective McCabe as a defendant, despite having the opportunity to conduct discovery and identify him as one of the John Doe defendants.  The court notes that plaintiffs were represented by counsel for the first year and a half that this action was pending.

neither listed in the caption of plaintiffs' complaint nor mentioned within it.[6]

Despite the liberal reading the court must apply to the submissions of a *pro se* plaintiff, *Rahl v. N.Y. Telephone Co.*, No. 1:09-cv-01165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010), "the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure," *Gould* v. *Russi*, 830 F. Supp. 139, 142 (N.D.N.Y. 1993). Here, plaintiffs have failed to meet this minimum requirement. Accordingly, the claims against Peters are dismissed.

## C. DeLucca

Defendants contend that all claims advanced by DeLucca must be dismissed because a proper party has not been substituted in accordance with Rule 25(a) of the Federal Rules of Civil Procedure.[7] (Dkt. No. 33,

---

[6] Kaczmarek and Mahoney testified that they were uncertain about Peters' involvement. (Dkt. No. 35, Attach. 12 at 2-3; Dkt. No. 35, Attach. 13 at 19-21). In addition, Peters denies involvement. (Dkt. No. 35, Attach. 20 ¶ 4).

[7] Defendants also contend that DeLucca's state law claims must be dismissed because he failed to serve a timely notice of claim in accordance with New York General Municipal Law § 50-e. (Dkt. No. 36 at 7; Dkt. No. 33, Attach. 5 at 7.) Under New York law, the service of a Notice of Claim is a condition precedent to the commencement of a tort action against a municipality or its agents, officers, or employees. N.Y. Gen. Mun. Law § 50-e. Although Kaczmarek and Mahoney each served a Notice of Claim, (Dkt. No. 35, Attachs. 3, 4), defendants contend that DeLucca failed to do so, contrary to his own allegations, (Compl. ¶¶ 71-

Attach 5 at 6; Dkt. No. 36 at 6.) The court agrees. Rule 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The Rule further states that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* However, "if [that] motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*; *see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470-71 (2d Cir. 1998); *Nauman v. Rensselaer Polytechnic Inst.*, No. 07-CV-0740, 2010 WL 1257876, at *1 (N.D.N.Y. Mar. 26, 2010).

This action was commenced on September 7, 2010. (Compl.) DeLucca passed away on January 28, 2011. (Dkt. No. 26 at 9.) On March 2, 2011, the Niskayuna Defendants filed a Statement Noting a Party's Death. (Dkt. No. 12 at 1.) Here, ninety days have passed without substitution.[8] Accordingly, all claims advanced by DeLucca must be

---

72). For the reasons discussed above, however, this point is moot, as all of DeLucca's claims are dismissed for failure to substitute a proper party.

[8] The court is cognizant that, on April 25, 2012, Dawn DeLucca filed a letter with the Clerk's Office informing the court that she is the executor of DeLucca's estate and that she would represent the interests of her father in the present action. (Dkt. No. 26.) This letter was filed well in excess of ninety days—indeed, more than one year—after the Niskayuna

dismissed.

## D.     Municipal Liability/*Monell* Claims

Both Schenectady and Niskayuna Defendants argue that plaintiffs' have failed to allege an unconstitutional custom or policy. (Dkt. No. 33, Attach. 5 at 2; Dkt. No. 36 at 2-3.) The court agrees.

A municipality may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To establish a municipal policy or custom, a plaintiff must allege:

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so

---

Defendants filed the Statement Noting a Party's Death. Even assuming that this letter satisfies Rule 25(a)'s requirement that a formal motion to substitute be made, late substitution may be sought and granted only if, in the court's discretion, the party making the late motion to substitute sufficiently shows excusable neglect. *See, e.g.*, *Gordon v. Kaleida Health*, No. 08-cv-378S(F), 2013 WL 2250431, at *6 (W.D.N.Y. May 21, 2013) (citing *Jones v. Siegfried Constr. Co., Inc.*, 105 F.R.D. 491, 491-92 (W.D.N.Y. 1984), *aff'd*, 792 F.2d 136 (2d Cir. 1986)). Here, no attempt to demonstrate such excusable neglect in support of a belated substitution request has been made.

11

> persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 174 (S.D.N.Y. 2006), *aff'd*, 232 F. App'x 26 (2d Cir. 2007) (citation omitted). Moreover, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). (citations omitted); *see City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

Here, plaintiffs fail to allege an unconstitutional custom or policy in their complaint. Moreover, there is no evidence—either direct or circumstantial—to support such an allegation. *See Prowisor*, 426 F. Supp. 2d at 174. Instead, the complaint sets forth only a single incident of allegedly unconstitutional activity, which is insufficient to establish municipal liability under § 1983. *Ricciuti*, 941 F.2d at 123. Thus, plaintiffs' remaining Fourth Amendment claims against the Town of Niskayuna and the City of Schenectady are meritless because plaintiffs failed to allege an unconstitutional custom or policy. Accordingly, defendants' motion for summary judgment with respect to plaintiffs' Fourth Amendment claims is

granted.

**E.    New York Common Law Claims**

Plaintiffs' remaining causes of action include New York common law claims of negligence, intentional and negligent infliction of emotional distress, and false imprisonment.  (*See, e.g.*, Compl. ¶¶ 17-19, 21-23, 24-27, 28-32.)  The court, however, declines to exercise supplemental jurisdiction over these claims.  "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion."  *Butler v. LaBarge*, No. 9:09-CV-1106, 2010 WL 39077258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)).  When all federal claims have been dismissed before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal.  *Kolari*, 455 F.3d at 122.  Accordingly, the court declines jurisdiction over any state law claims.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Schenectady Defendants' motion for summary judgment (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED** that Niskayuna Defendants' motion for summary judgment (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 4, 2013
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court